Good morning. Welcome to the second day of our panel hearing in Jacksonville. Judge Lagoa, who is the other member of the panel, is not able to join us today. She'll listen to the oral argument audio later and then confer with Judge Choflat and me about the case and the issues involved. You know the lighting system. When the yellow light goes on, that means that your time is drawing to a close, so begin to wrap up. If we take you beyond the red light, then don't worry. Just keep on going. With that, we're ready to start. Our first case today is number 23-10463, United States v. Steven Michael Marks. May it please the court. I am Ryan Truskoski and I represent the defendant, Steven Marks. Before you start, Mr. Truskoski, I want to thank you on behalf of the court and on behalf of Mr. Marks himself. I know you're court-appointed and we really do appreciate your service to him and to us as well. Steven Marks Thank you, Your Honor. As the court knows, the issue in this case is whether the defendant was competent to enter a plea of guilt and not proceed to trial. First, before we get to that, we really need to address the underlying fundamental issue of who has the burden of proof. The government states that the competency statute is clear that the burden is on the defense. Well, to quote Lieutenant Daniel Caffey from the movie A Few Good Men, I think I must have been out sick the day they taught law in law school because the statute does not address the issue. It's completely silent on it. The statute . . . Judge Goldberg And now, does your ultimate position depend on the personal . . . I mean, the individual characteristics of this case? There was initially a joint motion to hold a competency hearing, right? Steven Marks Yes. Judge Goldberg And then later on, more than a year later, there was a motion by the defense to have another hearing. Does that juxtaposition matter or does the government, in your view, always have the burden no matter the procedural setup? Steven Marks The government always has the burden. Judge Goldberg Okay. Steven Marks The statute doesn't . . . The first step is the court is informed that the defendant may be incompetent. That's normally how these things happen. Then the court, on its own initiative, either that or because the government moves or because the defense moves, does not matter. The court has to be examined. That happened here. Judge Goldberg It was examined pursuant to court order, was it not? Steven Marks Yes. The court allowed the examination. Judge Goldberg I understand. Ultimately, we come to a hearing . . . Steven Marks I'm sorry? Judge Goldberg We ultimately come to a hearing on all that psychiatric evidence. Steven Marks Yes. Judge Goldberg Okay. If the court's in doubt, for example, I'm talking about practical matters. If the court's in doubt whether he can proceed, the court will have him probably institutionalized.  Judge Goldberg Yes. Unless the court . . . the defendant is the one that wants the court to find him incompetent at the hearing. Steven Marks What's the question? Judge Goldberg At the hearing held, and they're entertaining all this evidence on mental instability, mental illness, whatever. The defendant is the one who wants the court to determine that he's not competent to stand trial. Steven Marks Most likely, most of the time, I would imagine. Yes. Judge Goldberg Let's go back to . . . this is a little bit of a mess in our cases. Let's go back to MACRS. MACRS, there are two published MACRS opinions, the one that sets up the procedural timeline, and then the later one on the second appeal from the competency ruling. In that case, was there initially a government motion to have the defendant evaluated, or was it a joint motion or a court motion? Steven Marks I don't recall off the top of my head as I stand here, but I know that the statute currently, it doesn't say whoever makes the motion bears the burden. Judge Goldberg You're right. It doesn't say anything at all about burdens. Steven Marks Correct. We feel that MACRS is binding, even though it's an older Fifth Circuit case, because it rules that the government bears the burden. This court would have to sit and mock to overrule that. Really, you don't have to take my word for that, because MACRS is still being cited today, recently, by many courts, even circuit courts. Really, we're in a circumstance where other circuits are citing our case law as precedent, but we're not citing our case law as precedent. MACRS is still good law today in the view of many courts. Judge Goldberg Does it matter that the statute changed somewhat between the time of MACRS and today? Steven Marks We don't know. It's not clear that MACRS made its holding based on that older statute. Let's wave a magic wand and pretend there's no case law on this. This is an issue of first impression right here. Let's just look at the statute. The statute is silent on the burden of proof. That's the key. It doesn't say, whoever makes the motion bears the burden. In this circumstance, the rule of lenity favors the defense. Judge Goldberg What about the later cases from this court, which indicate that whoever moves for a finding of competency or incompetency or moves for a hearing should bear the burden? Steven Marks I think that . . . the government cites a bunch of cases. I can impugn every single one of those cases. They're either in a different procedural posture, dicta, unpublished, or rely on Cooper's dicta. If we're looking at the statute, the statute doesn't say whoever makes the motion bears the burden. In Ischiardo, for example, that was in the context of a motion withdrawal plea. Judge Goldberg Let's go back to the hearing. Let's say you're at that hearing, and the court is going to make some findings. Let's suppose, for example, that the court can't make a finding that he's competent or incompetent. The evidence is inequipoise. At that point, he can't go to trial. There's some doubt whether he's competent. Steven Marks Right. We have 268 pages of trial court orders on competency in this case. I mean, the burden of proof matters. Judge Goldberg Normally, the court . . . it's not a matter of burden. The court makes findings on the record, believes this expert, doesn't believe this expert, and so forth, and that answers the question. You follow me? Steven Marks Yes. Judge Goldberg Okay. Steven Marks In this case, it really doesn't matter that the district court or the magistrate deferred to their experts because it doesn't matter if you don't believe Dr. X, if Dr. Y didn't do it right. Their expert, Dr. Jenkins, the government's expert, didn't view the critical evidence, the critical video evidence of when the defendant was trying to determine whether or not to sign the plea agreement. The defendant just couldn't do it on his own. He was just automatically deferring to counsel. Two quick sites on that, Doc 300-1, page 1, Defense Exhibit 59, and Doc 300-10. It shows that he was just automatically deferring to counsel. It never dawned on him to ask for counsel's reasoning process. That's really the clear error by the district court, and really the fatal flaw in this case. Really, you can look at the video . . . Judge Goldberg Your best argument is it never was resolved. Steven Marks I'm sorry? Judge Goldberg Your best argument, I think, probably, is that it never was resolved properly. There were not definitive findings on the credibility of the witnesses and such. Steven Marks Oh, that's part of it. Judge Goldberg So, there's no finding? Steven Marks That's definitely part of it. Judge Goldberg So, what you have is doubt? Steven Marks Yes. I see my time has expired. Judge Prado Can I ask you one more question? You'll save all of your time for rebuttal. If a fact finder credits one set of experts completely over the other, whether it's favorable for the defense or favorable for the government, why do you think the burden of proof matters in that case? Steven Marks Because the government's expert was deemed credible. If that happens, it doesn't matter if that person had a flawed methodology and insufficient evidence to support her conclusions. So, in this case, she didn't test the defendant's ability to make critical decisions and didn't view the key evidence of what the whole case resolves around, whether or not he could sign the plea agreement without automatically deferring to  the court. Judge Goldberg Okay. Thank you very much. We'll talk to you in a little while. Steven Marks Thank you.  See if I pronounced your last name correctly. Sikkanen? Steven Marks Yes, Your Honor. Judge Goldberg Okay. Good morning. Steven Marks Good morning. May it please the Court. I'd like to start with three of the cases that came up just now. First, Mr. Truskowski said that it's not clear to him whether the Fifth Circuit in Macris was relying on the old statute. Well, to quote Macris, there can be no question that in federal criminal cases, the government has the burden of proving defendant competent to stand trial at the Section 4244 hearing or its non-proton substitute. That's the old statute. So, I think that much is clear. Judge Truskowski Well, but I think the point's a little . . . I take your argument, but the point's a little bit deeper that the Macris panel's holding was not based on statutory text. In other words, it didn't parse the text to figure out whether or not the statute provided any clues about where the burden should lie. Steven Marks I agree with that. And the point is not that Section 4241, the new statute, is inconsistent with Section 4244. The point is that the burden of proof explicated in the new statute, that is contrary to what Macris said. Judge Truskowski The new statute doesn't talk about burden of proof. You can maybe infer it from some of the language, but it doesn't speak to burden of proof. It doesn't say in a proceeding to determine competency, the government has the burden or the defendant has the burden or it depends on who moves for the hearing. It says nothing like that at all. I would say yes. I would say that it doesn't speak to the burden of production, meaning which party is required to produce evidence, and it is agnostic on that. But what it says is that when you get to the hearing, which follows a threshold determination by the district court that there's reasonable cause to believe that the defendant might be incompetent, that if you get to that point, then at the hearing, the burden of proof or the quantum of proof, if you prefer, is that a defendant is incompetent only if a preponderance of the evidence produced at that hearing shows that he's incompetent under the Dusky criteria. This is subsection D of section 4241. So I don't think it matters so much who produces which evidence. I think what matters under the statute and under this court's decision in Bradley is what the evidence shows. But if a district . . . I understand what you're saying, and it has some appeal. If the district court finds that a defendant is competent, it also does that by a preponderance of the evidence. I know, but my point is that the preponderance of the evidence standard isn't really a one-way ratchet toward the defense because if the district court says defendant X is competent, it does that by a preponderance too, just like it would if it said defendant X is incompetent. Yes, and the district court crucially did not say that second thing that you just said right now, and the district court also did not say that it did not base its opinion on a finding that the evidence failed to satisfy the burden to show incompetency. It found, as a matter of fact, that the evidence showed that the defendant was actually competent by a preponderance of the evidence. Aren't we putting too much in the basket of who has the burden of proof? What you have is a bench trial of evidence produced by both sides. Yes. Okay, and part of it was produced because the court asked for it. When the court issues the order . . . Yes, ordered the hearing, yes. Yes, okay. Now we're at the hearing, and the judge is trying to make fact findings. He's got to believe this witness or not this witness and so forth. Yes. What difference does it matter who has the burden at that point? It would . . . It would only matter . . . Well, you're making an argument to the judge, don't believe the government's case or whatever it is. Yes, I understand your point, Your Honor, and I think . . . That's just part of a judge doing his job at a bench trial. Yes, so to answer your question . . . I served a while on the district court a long time ago, but I can't ever recall at a bench trial anybody ever saying anything about burden of proof unless the point was that there wasn't any evidence at all. That then . . . Or if the evidence was precisely an equipoise. Yeah, then the question becomes who had to produce it. Yes. But you've got a case in which the evidence produced by both sides is all competent evidence. It's a question of how you weigh it. Exactly. I agree with all of that, and I think this is part of the reason why . . . Well, one lawyer argues the judge ought to go this way, and the other one argues it goes this way. Does that have anything to do with the burden of proof, or does that have to do with the judge's findings? The judge is doing his task. I certainly think the judge is doing his task. Yeah. I want to answer the question that you asked, which was . . . I think you asked why this matters, and I think it only matters in the rare case where the evidence is precisely an equipoise. Well, if it's an equipoise, then the question becomes whether the judge could proceed with the trial or a guilty plea. Yes, and section 4241 says that if the evidence is an equipoise . . . In other words, if it does not preponderate in favor . . . Well, let me quote directly from the statute. It says, if after the hearing the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent under the Dusky Standard, then the court, and only then, shall the court to the custody of the Attorney General. Otherwise, short of the evidence preponderating towards incompetency, the defendant is competent to stand trial. Yeah, but the same goes for the preponderance standard the other way. You're seeming to equate the preponderance standard, which is an evidentiary standard with burden of proof. Those are two different things. The fact that the district court has to make a finding one way or the other about competency by a preponderance says nothing, I think, about who bears the burden. I would agree with that, and I think it's not . . . So, to me, who bears the burden goes to the burden of production, and I would agree that that's not at issue in this case. Both sides produced evidence. The court considered all of it. There's no question . . . Mr. Marks is not that he was deprived of an opportunity to present our evidence or that he didn't need to present evidence. What the statute says is that the court must find by a preponderance of the evidence produced at the hearing that that weighs in favor of incompetency, and short of that, the defendant must be found competent. You've got . . . The statute was amended to its current form in the mid-1980s, right? Correct. Okay. Since then, after MACRIS, you've got four circuits putting the burden on the government, and you have one circuit putting the burden on the defendant. You've got the third, seventh, ninth, and fifth putting the burden on the government, and you've got the seventh putting it on the defendant. Yes. What are we to make of all of that? I don't know how to reconcile those courts' continued application of the standard in MACRIS with the plain language of section 4241, and I would also point to what the Supreme Court said in Cooper v. Oklahoma. Now, whether or not this court construes that as dicta or persuasive dicta, I think it is persuasive. I think, at a minimum, the court statement in Cooper reflects a plain and simple reading of that text in 4241, and what it says is that if the court finds by a preponderance of the evidence that the defendant meets the Dusky criteria, then and only then shall he be judged incompetent. Your argument is that there's a default position. The default position is he's competent. That is the implication of section 4241, and I'd also call this court's language in Bradley, which is a published case from 2011, and in Bradley, this court says— That's a different question, by the way. Bradley was a direct— No, no, no. It's a different question from the question of whether or not he can go to trial, whether the court can take him to trial. Well, Bradley was a direct appeal of a competency determination under 4241. Bradley also had a stipulated record that the parties got together and asked the court to find some fact. You follow me? I think so. The setting in Bradley was where all the evidence comes in, you had a bench trial. Well, the same thing happened here. There was a hearing, and evidence came in, and— The judge had to resolve—whoever the judge is, it's a bench trial, it just happened to be before the magistrate. Correct. But the judges were going to make findings. Yes. Okay. And I don't see how Bradley is materially distinguishable from what happened here. Bradley says, while earlier precedent tends to the contrary, citing Macris, we have since decided that a petitioner raising a substantive claim of incompetency, like Marx did here, is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence, citing this court's earlier decision in Medina, and that's completely consistent with section 4241, inconsistent with the standard of Macris. The only other point that I would make, this came up earlier, but I do want to emphasize that I think the burden of proof doesn't matter in this particular case, because while the court correctly held that Marx had to prove his incompetency by a preponderance of the evidence, the court ultimately did conclude, after weighing all of the evidence, that Marx was in fact competent. The court did not find that the evidence was an equipoise or fell just short of satisfying that standard. Rather, the court considered all of the evidence, balanced it, and found Marx competent, regardless of the burden of proof. In other words, the evidence, in fact, preponderated in that direction towards competency in this case. So the burden of proof, I don't think, made any difference in this court. Need not address it. That's always the case in a bench trial. Unless the evidence is an equipoise, yes. If there's any evidence, if there's a prima facie showing that generates the bench trial, which there was. Meaning the threshold determination that there was reasonable cause. And the court makes fact findings. Yes, and the court found facts, yes. And the court found that those facts. Historically do that by weighing the evidence, by credibility and everything else, the quality of the evidence. And the court did all that, and we're on a pallet review. The standard is whether the court clearly erred in how it balanced that evidence, and I don't see any clear error in this record. So one more, one more question. In a case like this, it happens rarely, but it does happen once in a blue moon. The district judge says both experts are equally credible. What happens in this case? Well, I think the court would also have to consider the other evidence, aside from the expert testimony, as it did in this case. I'll just make the hypothetical harder for you. The judge says both experts are equally credible. All of the non-expert documentary evidence is an equipoise. Okay. What happens? Under section 4241, if the evidence is an equipoise, then it does not show by preponderance that the defendant is incompetent, and the court would not find him legally incompetent. He would be competent to stand trial. Even if it's the government that moves for a hearing because it has doubts and wants to make sure that its plea or guilty verdict at the end of the day may survive appellate scrutiny. So if the defense stays mute, says nothing, but you've had interactions with him, you've had debriefing sessions, proffer sessions, and you have serious doubts about competency, and you move, you, the government, move the court for a competency hearing. The defense says, no, no, we're good, and you move for a competency hearing, and the judge orders a hearing and holds an adversarial evidentiary hearing, and everything is an equipoise. Who wins? I agree that the statute is agnostic on who bears the burden of production, and so I think . . . Doesn't Izquierdo say that in that sort of a case, the government bears the burden? Izquierdo . . . well, let me quote from Izquierdo. Can the court send the case to trial when there's some doubt in the court's mind as to whether the person is competent? I would say if the court finds that the evidence is perfectly in equipoise, then yes, I think that's what section 4241 says. There are dozens of cases when they send them back. They send them back because they can't make a finding. I'm not . . . On these 4241 cases . . . The court would certainly have to make a finding. Well, it's happened many, many cases where they send them off to the Bureau of Presidency for an examination. He's seen for two or three months by all kinds of people. They have a hearing, and the court's not satisfied. Meaning can the court request more evidence or further hearings? Can't make a finding, and so they send them back for more examinations. That happens all the time. Well, certainly the court would have to make a finding one way or the other. I understand that. Why do district judges do that? Why do district judges send it back again rather than going to trial? By send it back again, do you mean . . . Why do the district judges say the defendant is going back to the Bureau of Prisons? I want further information. Well, I don't want to speculate on why any particular district judge may have done that, but . . . You don't need to speculate. Is he doing it just to give the Bureau more business? I doubt that.  I guess I'm trying to answer your question, Your Honor. For example, there might be a situation where the district judge, after hearing some of the evidence, determines that the examination that was conducted was not as thorough as it should have been . . . Sure. . . . and sends a defendant back so that a thorough examination is conducted, and then reconvenes the hearing. Well, that to me would not be inconsistent with this statute, because that's not . . . So, all the statute says is that to find the defendant incompetent, a preponderance of the evidence must show that. Okay. Finish up by . . . You were going to answer my question about he's scared or by quoting from that case. So, why don't you do that . . .  . . . and tell me what you think it means in the hypothetical I gave you, where it's the government and not the defense that moves for a competency evaluation because it has serious doubts about the defendant's mental state. So, I'm looking . . . I'm looking . . . I'm sorry. I'm looking at page 1277 to 1278, and the court says, more importantly, the competency statute in MACRS 2 was a different statute with different language than the competency statute at issue here. Section 4244, while also allowing competency motion to be filed by either the government or the defendant, placed more emphasis on the government's role in filing an incompetency motion. So, that's one point that I would make, one point of distinction. But the point . . . the language I'm looking for is the language that says that the current competency statute arguably contemplates that the burden should be with the party making a motion for determination of competency. Yes. Doesn't East Kyrgios say that? It does say that, and . . . And you want us to do away with that language, too? Well, the first thing I would say is that the court says it arguably contemplates. I don't think that is a holding. And then, the second point that I would make is that the paragraph of section 4241 that East Kyrgios cited for that proposition is not subsection D, where the court sets forth the standard of proving incompetence by a preponderance of the evidence as opposed to vice versa, but the court cites subsection A, which is simply the subsection of the statute setting forth the procedural requirements, which do acknowledge that either side can move for a competency hearing. But I still don't see how . . . Doesn't a movant, in general parlance, usually have the burden of going forward and persuading? Yes. That is true. And I think if the government . . . There are cases where the government argues that a defendant is incompetent, and the defendant opposes that and says, no, I'm competent. I want to go to trial. And who's got the burden in that case? The burden would be the same under section 4241. The defendant against his better . . . So the defendant in that case can just lay down flat, give up the ghost? No, I'm saying that . . . The government says, I think you're incompetent. The defense says, I'm really good. I'm perfectly competent. The defense tries to prove that the defendant is competent. The government is trying to prove he's incompetent. Who bears the burden in that procedural setup? Again, it wouldn't be so much a question of who. It would be a question of what the evidence shows. No, no, no, no, no, no, no, no. At the end of the day, depending on what the court finds, the burden of proof may wash out and it may be insignificant as you're arguing here. But my question to you is, who bears the burden? The district judge in this case and the magistrate judge in this case thought the burden of proof was of some importance because they went out of their way to make a determination about burden of proof. Otherwise, they would have said burden of proof doesn't matter. I believe the government's experts. I disbelieve the defense experts. Burden of proof doesn't matter. I would have reached the same conclusion no matter who had the burden. So my question to you is, in the hypothetical you laid out, who bears the burden? Where the government is trying to prove a defendant incompetent and the defendant is trying to fight back because he's got a sweet plea deal and he wants to take that plea, get adjudicated, and then run off with a probationary sentence. I would say that if the government wanted to, the government was seeking to hold a defendant incompetent, it would be, in that case, it would be the government's burden to prove by preponderance of the evidence that he was incompetent under section 42.1. And the dicta in this case don't make sense. The movement should bear the burden. Yes. Okay. Are you familiar with the Pate line of cases? I'm sorry, which case, your honor? Pate, P-A-T-E. I'm not familiar with that line of cases. That's when the Supreme Court of the United States considered as the case where nobody moves having the defendant examined as competent to stand trial, all right? Mm-hmm. But certain things happen before the judge that would put his competency in some doubt. Yes. Okay. And what's the Supreme Court say? But the judge does not, does not determine his competency. I'm following. Okay. What happens? I don't know. I'm not familiar with that case, your honor. Well, it's a line of cases. What happens is there's a hearing. The person is examined. It's an error on the part of the court in not triggering the investigatory work that the statute does. Sure. Okay. So who has the burden when the court says that? And this happens lots. Meaning who has the burden to request a hearing? Nobody says who. And John Doe is standing in front of the court about to plead guilty. But John Doe has manifested some strange physical behavior, verbal, whatever the case prior to standing there. And a reasonable judge would say he may be incompetent to stand trial. Understood. Okay. But the judge does nothing. That line of cases says this. If the judge, despite lack of motion from either side, sees behavior in the courtroom that gives him or her doubt about the defendant's competency, in some cases that judge has a sua sponte obligation to order a competency hearing. Understood. Despite lack of motion from either side. So I had a case when I was a district judge, a defendant was there to plead guilty and she started spinning herself in the chair and speaking in tongues. I didn't know if she was malingering or not, but it certainly raised issues in my mind. So we went on to schedule a competency exam and a hearing. So Judge Choflat's question to you is, in that line of cases where the judge has to sua sponte to take it upon himself or herself to schedule a competency hearing, who has the burden? The first thing I would say is I'm very hesitant to speculate on this because, as I said, I have not read those cases. I did not see them addressed in the brief. And if this court thinks that this is relevant and important, I would appreciate the opportunity to file a supplemental briefing on this. There's nothing unique at all. The judge is holding a bench trial. Understood. Judge said a minute ago, he's going to make some fact findings. When the judge is making the fact findings, it's something that who has the burden of proof running through his mind all the way. Is that what happens in the bench trial? I'm sorry, Your Honor, I'm not following. What I'm trying to say is at a bench trial, it doesn't make a wit who has the so-called burden of proof, I say. The judge is making findings. Yes. Okay. Oh, and that gets back to my point that I don't think the burden of proof made a difference in this case. I do want to attempt to answer your . . . Well, you get to the question, what if the judge doesn't make findings? I don't know what would happen then. I don't know how the court would be able to resolve the motion without making findings. There's been a defendant who's been examined for a competency to stand trial. And there are a lot of people that have evidence of it. There's a bench trial and a judge says, I can't find. In other words, declines to make a ruling? Yeah, that's right. Or says, the evidence is hopelessly deadlocked. I don't know what to make of it all. Well, I would say declining to make a ruling is different than determining that the defendant is competent or incompetent. And that's not what happened here. The statutory scheme tells the judge exactly what to do. You have him re-examined or committed until somebody at the hospital can say he's now competent. Well, I guess my understanding of how this would play out under Section 4241 is that I think, if I'm understanding you correctly, we're at this stage between where the threshold reasonable cause finding has been made, the hearing has been scheduled, but the court has not yet decided whether the evidence preponderates in favor of incompetency as Section 4241D holds. And I would not at all quibble with the fact that the court has discretion to order further examination or further evidence. Well, the court would do it. I wouldn't quibble with any of that. The court would probably do it because he's not satisfied.  Okay. I don't disagree with any of that. Okay, Mr. Ligon, we've taken you way over your time and we thank you for engaging in the conversation with us. Thank you, Your Honor. Okay. This is what we want the court to do. We want the court to do what the district court did to the magistrate in the first round of competency proceedings. The magistrate in the first round held the defense experts credible. The district court undertook de novo review and reversed that, Doc 95, footnote 1, because there was de novo review because there were recordings. Now, why did the court do that? Because, like, there's about 30 hours of video recordings that we want you to take de novo. No, no, why did the court not accept the magistrate's findings? Or why would a court not accept them? It viewed the evidence differently. It's a simple answer. Correct. But the district court skipped everything by engaging in de novo review. We want this court to do the same thing with the video recordings. Okay, let's put that aside for a second because state of mind determinations like competency are generally reviewed for a clear error. What you've asked us to do, at least with your first argument, is to hold that the burden of proof lies with the government, right? Correct. If we agreed with you on that point, what do you want us to do next? Reverse. Reverse and?  For? Well, here's the potential problem with your line of arguments. If we say the district judge and the magistrate judge erred in placing the burden on Mr. Marks, right? Go back and do it again. The magistrate judge and the district judge make the same credibility and fact-finding determinations they made before and they come to the same factual determination about competency. Where does that leave you? Well, it would be another round of updated proceedings, but we would also like the court to hold that the defendant is incompetent. The only way we could do that is by holding that regardless of burden of proof, the district court clearly erred in finding him competent, right? I think the burden still matters, but yes. Isn't that a really hard thing to ask us to do when there are competing experts on both sides who are credentialed and provide different perspectives on the issue of competency? I mean, that's the run-of-the-mill grist for fact-finding. You've got competent evidence on one side, you've got competent evidence on the other side, and the fact-finder chooses between one side and the other. And generally speaking, appellate courts don't get to second-guess that. True, but what we are proving and showing is that they had a flawed methodology. It doesn't matter if they believe the testimony, doesn't matter if the court believes the conclusions, if the conclusions were without insufficient support. But here there's sufficient support. I mean, you may think it's wrong, but didn't the government's experts say that he was competent?  Okay, there's evidence then to support it. Well, that was just their conclusion. The evidence we are arguing is not sufficient to support it. You know, they never offered a reason. Right, you're saying that they were not credible because the work that they did was shoddy, incomplete, not up to standards. But you made those arguments below as well, and the magistrate judge in the district court, at least at the second phase of hearings, found Mr. Marks to be competent. So, how do we overturn that? We still believe that appellate review involves the underlying basis for testimony. To some degree, but . . . Isn't this a simple hearing in which the judge is making fact findings, forget the burden, fact findings, and then applying . . . It's a mixed fact law question that comes to us ultimately, that applies the law to those facts. Tell me what the perfect appellate opinion from your perspective would be. Tell me what it would say. Okay, it would say that Cooper is dicta, and that based on the statute, which says nothing, the burden is on the government due to the rule of lenity, and this case is reversed. So, you don't want us to do anything with the competency finding. You just want to say, legal error, put the burden on the wrong party, go back and do it correctly. Part two, that there was insufficient evidence of competency. If that's the case, why does the burden matter? Which is the government's point, one of the government's points. If you think the evidence is insufficient regardless of burden, why does the burden matter? It matters if we lose on that part, the sufficiency of the evidence, the burden matters because we believe it's a per se reversal on that, based on the fundamental right to competency, due process, and basically holding the defense, putting an adverse presumption on the defense. The competent person can't prove anything. Okay. Just like briefly, they're citing Bradley, and the Bradley court relies on Medina. Medina is irrelevant. Medina was a state habeas case where the burden is always on the petitioner. So, Bradley doesn't apply. Well, basically, Bradley cited the wrong case, and that panel had no authority to make that ruling because it ignored MACRIS. Bradley would have needed to sit and balk in order to make that decision. And, if there's any other questions? No. We thank you both very much for being patient with us and answering our questions. Thank you both. Thank you. I think your time's setting up. Our next case is...